# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JACKLYN CHISHOLM,** | ) | **CASE NO.1:17CV0054** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **REV. CHARLES LUCAS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Jacklyn Chisholm's Motion to Remand to Cuyahoga County Court of Common Pleas. (ECF # 4). For the following reasons, the Court grants Plaintiff's Motion and Remands the case back to Cuyahoga County Court of Common Pleas for further adjudication.

On December 8, 2016, Plaintiff Jacklyn Chisholm filed her Complaint in Cuyahoga County Court of Common Pleas, alleging wrongful termination in violation of public policy, breach of contract, promissory estoppel, fraudulent misrepresentations and omissions, fraudulent inducement, defamation violation of Ohio's Whistleblower statute, breach of fiduciary duty and two counts for breach of code of regulations arising from Defendants termination of Plaintiff's employment as CEO of the Council of Economic Opportunities of

Greater Cleveland. On January 6, 2017, Defendants removed the case to the United States District Court for the Northern District of Ohio based on 28 U.S.C. § 1441 because Plaintiff's Complaint alleged claims involving the United States Constitution and federal regulations. Specifically, the Complaint alleged Plaintiff was wrongfully terminated in violation of public policy embodied "within the Ohio and United States Constitutions, state and federal legislation…" The Complaint further alleges Defendants' conduct "violated Ohio and/or federal laws or regulations…" and that Defendants retaliated against Plaintiff for reporting Defendants unlawful conduct.

On January 10, 2017, Plaintiff filed a First Amended Complaint removing the allegations of violations of federal laws and regulations. On January 11, 2017, Plaintiff moved to remand the case back to state court. According to Plaintiff, her First Amended Complaint removed any allegations of violations of federal law or regulations, thus, she removed has any doubts that her claims involve only state law causes of action. Because her First Amended Complaint presents no claims concerning federal law, this Court lacks subject matter jurisdiction and remand is required.

Defendants oppose the Motion to Remand, contending the Court still has subject matter jurisdiction over her First Amended Complaint because her public policy and Ohio Whistleblower claims are based on Plaintiff's allegations that she reported Defendants' alleged misuse of federal funds received in connection with the Head Start program. Furthermore, Defendants argue Plaintiff has artfully attempted to manipulate her Complaint post-removal in order to plead around federal claims. Finally, the Court must consider the operative complaint at the time of removal and whether that complaint alleged federal

2

questions because subject matter jurisdiction is determined at the time of removal.

**Removal Jurisdiction and Remand**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir.1930).

"[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988). 28 U.S.C. § 1447(c) recites in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." (Emphasis added).

The Court acknowledges that Plaintiff's original Complaint arguably presented claims for federal violations. However, Plaintiff possessed the right to amend her Complaint once as a matter of course, without leave, pursuant to Fed.R.Civ.P. 15(a)(1). The filing of the First

3

Amended Complaint on January 10, 2017, changed the nature of Plaintiff's action. " A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Broyles v. Correctional Medical Services*, No. 1:07-cv-690, 2010 WL 989711 at *1 (W.D.Mich. Feb.25, 2010) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed.1990)). "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000). *See also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000).

Therefore, once Plaintiff filed its First Amended Complaint on January 10, 2017, as it had the absolute right to do under Rule 15(a), no federal claim remained; and there remained no basis for the Court to exercise supplemental jurisdiction over any state causes of action. The District Court has the discretion to remand pendent state-law claims if it would be inappropriate to retain jurisdiction over the case. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28

4

U.S.C.

§ 1441(b).

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Warthman*, 549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

There is no federal claim presented on the face of Plaintiff's First Amended Complaint. However, Defendants contend Plaintiff's First Amended Complaint requires resolution of a substantial question of federal law. The Court disagrees with Defendants that Plaintiff's Ohio Whistleblower claim would require the Court determine substantial questions of federal law simply because the protected activity Plaintiff alleges was Defendants' alleged misuse of Head Start funds, a federally funded program. "To establish a prima facie

5

case under the whistleblower statute, a plaintiff must show: 1) he engaged in activity protected by the statute; 2) he was subject to an adverse employment action; and 3) there was a causal link between the protected activity and the adverse employment action." *Herrington v. DaimlerChrysler Corp.,* 262 F. Supp. 2d 861, 865 (N.D. Ohio 2003), aff'd, 125 F. App'x 23 (6th Cir. 2004). An analysis of her claim requires only that her complaint about the misuse of Head Start funds be analyzed to determine whether such a complaint is a protected activity under Ohio law. "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Warthman*, 549 F.3d at 1064 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1504-05 (11th Cir. 1996)). Plaintiff pleads only state law claims in her First Amended Complaint and her claims do not concern substantial questions of federal law.

Since removal is narrowly construed and because the Court is obligated to remand an action if at any time before judgment it appears that subject matter jurisdiction is lacking, Plaintiff's Motion to Remand is granted and the above-captioned case is remanded to Cuyahoga County Common Pleas Court. The case management conference set for April 19, 2017 is cancelled.

      IT IS SO ORDERED.

                                s/ Christopher A. Boyko
                                CHRISTOPHER A. BOYKO
                                United States District Judge

Dated: April 18, 2017